UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MARIANO ALBERTO SEVERINO,

                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/22/2024

14 Cr. 641 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Defendant, Mariano Alberto Severino, a prisoner serving his sentence at FMC Butner, moves for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A).  *See* Def. Mem., ECF No. 54-1 (unredacted version on file with the Court).  For the reasons stated below, Severino's motion is GRANTED.

## BACKGROUND

    In 2014, Severino pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute various controlled substances and one count of aggravated identity theft.  Plea Tr. at 6:10–23, ECF No. 20; *see* Judgment, ECF No. 36.  At sentencing on March 27, 2017, the Court noted that Severino had "conspired to distribute and possess with the intent to distribute a significant amount of drugs, particularly cocaine," and "also committed aggravated identity theft in order to stay in the United States."  Sent'g Tr. at 41:13–22, ECF No. 38.  The Court also found, however, that Severino had accepted responsibility for his crimes, was forthcoming with the Government, and could face deportation from the county where he had lived for at least 20 years.  *Id.* at 41:23–42:3.  And, the Court noted that it had received "many, many letters sent on [Severino's] behalf which describe him as a caring partner, a loving and attentive father, and a thoughtful friend."  *Id.* at 42:19–22.

    The Court sentenced Severino to 144 months in prison—the mandatory minimums of 120

months' imprisonment on the drug count and 24 months' imprisonment on the identity-theft count, to be served consecutively—and imposed five years of supervised release. Judgment at 1–3; Sent'g Tr. at 13:20–14:1, 43:16–22; *see* Amended Judgment, ECF No. 51. According to Probation, Severino is projected to be released on June 1, 2027. ECF No. 61 at 1.

Severino, now age 55, has been diagnosed with Stage IVB prostate cancer, the most advanced stage.[1] Def. Mem. at 2 ¶ 4. Severino's medical records from the Bureau of Prisons ("BOP"), filed under seal with the Court, confirm this diagnosis. Def. Mem. Ex. 1; *see also* Gov't Opp. Exs. A, B (on file with the Court). The cancer has "metastasized to his regional iliac lymph nodes and non-regional periaortic and aortacaval lymph nodes." Def. Mem. at 2 ¶ 4. Severino states that he has been told by doctors at FMC Butner that "[w]hen prostate cancer is metastatic, as it is with [] Severino . . . , [treatment] is palliative and not curative."[2] *Id.* at 3 ¶ 5(c); *see also* ECF No. 63 at 1 (stating that Severino's cancer medication "is specifically for palliative care, . . . and will not cure him"). His counsel also contends that Severino "does not receive adequate pain medication" and "complains about being frequently locked down because of shortness of prison staff." ECF No. 63 at 1–2. And, prostate cancer runs in Severino's family; his father died in his fifties from the disease. Def. Mem. at 2 ¶ 4.

On February 21, 2024, Severino filed a request for compassionate release based on a terminal illness with the warden of FMC Butner. Gov't Opp. at 5 n.4, ECF No. 60 (unredacted versions on file with the Court). On March 20, 2024, the BOP administratively denied Severino's application. *Id.* Severino moved for compassionate release on May 30, 2024, and filed two further letters in support on July 9 and 25. ECF Nos. 62, 63 (unredacted versions on

---

[1] *See* Am. Cancer Soc'y, *Prostate Cancer Stages*, https://perma.cc/Y2E3-J4T6 (last revised Nov. 22, 2023).

[2] The Government disputes this characterization, stating that "[b]ased on communications with Severino's medical providers, the Government understands that the intent of Severino's treatment plan is curative (rather than palliative)." Gov't Opp. at 5.

2

file with the Court). The Government opposes. ECF No. 60.

## DISCUSSION

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, in order to be entitled to relief under § 3582(c)(1)(A)(i), Severino must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. Congress has delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t).

The Sentencing Commission, in turn, has promulgated a policy statement concerning sentence reductions in § 1B1.13 of the United States Sentencing Guidelines. As relevant here, the § 1B1.13 policy statement provides that "[e]xtraordinary and compelling reasons exist" if:

> The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

3

U.S.S.G. § 1B1.13(b)(1)(A). The policy statement does not bind the Court in considering defendant-initiated motions such as Severino's—rather, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "That said, while the Court does not consider itself bound by U.S.S.G. § 1B1.13, it will look to it for guidance." *United States v. Corley*, No. 18 Cr. 454-3, 2021 WL 242451, at *3 (S.D.N.Y. Jan. 25, 2021).

The Court also considers the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct; [and]
>     (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

The parties agree that Severino has exhausted his administrative remedies. Gov't Opp. at 5 n.4. Therefore, the Court addresses only whether he has stated an extraordinary and compelling reason for release, and whether that reason is outweighed by the § 3553(a) factors.

I. Extraordinary and Compelling Reason

Severino argues that his prostate cancer diagnosis constitutes an extraordinary and compelling reason for a sentence reduction. *See generally* Def. Mem. The Court agrees. Severino has been diagnosed with metastatic prostate cancer—a "'metastatic solid-tumor cancer' that, unfortunately, more than qualifies as a terminal illness, regardless of [his] precise life expectancy." *United States v. Wong Chi Fai*, No. 93 Cr. 1340, 2019 WL 3428504, at *3

(E.D.N.Y. July 30, 2019) (quoting U.S.S.G. § 1B1.13(b)(1)(A)).  It is undisputed that Severino's cancer is Stage IVB and that it has spread to his pelvic lymph nodes.  Gov't Opp. at 5.  Severino's family history of prostate cancer "place[s] [him] at an abnormally high risk." *United States v. Beck*, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019) (finding metastatic solid-form breast cancer to constitute an extraordinary and compelling reason).  Although the Government contends that Severino has responded well to treatment and that his "doctors believe the disease may be controlled for many years,"[3] Gov't Opp. at 6, the relevant policy statement expressly provides that "a probability of death within a specific time period[] is not required," U.S.S.G. § 1B1.13(b)(1)(A).  Rather, it is enough that a prisoner is suffering from "a serious and advanced illness with an end-of-life trajectory"—even if that trajectory is, hopefully, long*.  Id*.

Accordingly, the Court finds that Severino has demonstrated an extraordinary and compelling reason for release.

II. Section 3553(a) Factors

The Court further finds that the § 3553(a) factors do not counsel against granting the requested relief.  Severino was initially sentenced to 144 months in prison, 120 months of which comprised the mandatory minimum term of imprisonment for his drug crime.  There is no doubt that the nature of Severino's criminal conduct was serious.  However, Severino has been incarcerated since June 2015, *see* ECF No. 61 at 4, and is due to be released in less than three years.  The length of time Severino has already served in prison is sufficient to "promote respect

---

[3] Severino also claims that he "remains in significant pain," "does not receive adequate pain medication," and is "frequently locked down because of shortness of prison staff." ECF No. 63 at 1–2. In assessing requests for compassionate release under § 1B1.13(b)(1)(A), the Court is not required to assess the quality of care offered by the correctional facility. *Cf.* § 1B1.13(b)(1)(C) (a defendant who requires specialized or long-term medical care "that is not being provided" by a facility has demonstrated an extraordinary and compelling reason). Although nothing in the medical records provided to the Court clearly indicates that FMC Butner has failed to provide Severino adequate care, the Court takes judicial notice of the well-documented concerns about the facility. *E.g.*, Meg Anderson, *1 in 4 Inmate Deaths Happens in the Same Federal Prison. Why?*, Nat'l Pub. Radio (Sept. 23, 2023, 6:00 AM), https://perma.cc/4ES3-MU43.

5

for the law, . . . provide just punishment . . . [and] afford adequate deterrence." 18 U.S.C. § 3553(a)(2)(A)–(B).

As to the need to "protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C), Severino has not been convicted of a violent crime, and his current physical condition leads the Court to conclude that he presents little risk of resuming other criminal activities. *See Wong Chi Fai*, 2019 WL 3428504, at *3. Finally, in looking to the "history and characteristics of the defendant," the Court credits the many strides Severino has made toward rehabilitation and improving his life, including participating in prison work and educational programs while incarcerated. *See* ECF No. 62; Gov't Opp. at 7 (crediting Severino's "commendable" rehabilitative efforts). Under these circumstances, the Court finds that a reduction in Severino's sentence is warranted.

## CONCLUSION

Accordingly, Severino's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is GRANTED. Severino is resentenced to time served and five years of supervised release, subject to any detainers. This order is STAYED for fourteen days to allow Severino to make any applications to ICE regarding any immigration detainer, and to allow the BOP to make all necessary arrangements for Severino's release. *See Brunetti*, 2022 WL 92753, at *7.

SO ORDERED.

Dated: August 22, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge